No. 30,218.

R. L. WYCKOFF, *Appellee*, v. CHARLES W. BROWN, *Appellant*.

(11 P. 2d 720.)

Opinion filed June 4, 1932.

*E. D. Mikesell,* of Fredonia, for the appellant.

*John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought an action against defendant on a claim for services in drilling four gas-and-oil wells in Elk county. Defendant answered admitting liability, but he filed a cross petition asking damages for water taken from a pond in defendant's pasture which was used by plaintiff in his drilling operations. He alleged that the water was required for his cattle and that its wrongful taking necessitated the removal of the cattle to another pasture.

The cause was tried before a jury and plaintiff and defendant introduced their evidence, following which the abstract reads:

"At the close of the introduction of the evidence in the case, while the record does not show it, as the attorney for the defendant now remembers it, the court orally held that the evidence which had been offered by the defendant in support of his claim for $150 for water used by the plaintiff in the drilling of the wells was not sufficient to go to the jury, . . . thus virtually sustaining a demurrer to defendant's evidence on that item of his cross petition.

"The instructions to the jury were oral and were not preserved and therefore cannot be set out in this abstract."

The jury returned a verdict for plaintiff; defendant's motion for a new trial was overruled; judgment was entered in accordance with the verdict; and defendant appeals, urging certain errors.

Before these are considered, however, we must notice plaintiff's

objections to the sufficiency of the record. He makes the point that the record does not show that any demurrer to appellant's evidence was sustained; and that the record presented is admittedly based in part on the mere remembrance of defendant's attorney concerning the proceedings which transpired at the trial.

It is a matter of familiar appellate procedure that a litigant who is dissatisfied with the disposition of a cause in the trial court must see that such a record is made as will enable this court to review the errors of which he complains. There are certain approved methods of shortening a record for appellate review (*Seigle v. Soldiers' Compensation Board,* 119 Kan. 253, 254, 237 Pac. 657, and citations; *Richards v. Kansas Electric Power Co.,* 126 Kan. 521, 526, 268 Pac. 847, and citations). But a record which is founded on what appellant's counsel remembers of the trial court's proceedings will not answer the purpose, especially when the appellee objects to its sufficiency. (*Holderman v. Hood,* 78 Kan. 46, syl. ¶ 1, 96 Pac. 71; *Buckwalter v. Henrion,* 111 Kan. 781, 208 Pac. 645; *Lambert v. Rhea,* 134 Kan. 10, 4 P. 2d 419.)

However, we have perused the abstract and briefs in this case with care, and it will require little space to deal with their contents.

Defendant leased certain of his lands to one Allman for the exploration and development of oil and gas. The lease provided that the lessee should have the right to use, free of cost, "gas, oil, and water produced on said land for its operations thereon except water from wells of lessor." At the time the land was thus leased there was an artificial pond on it. The dam ·was washed away and the lessor (defendant) and Allman reconstructed it. Defendant testified that at the time of its reconstruction he and Allman agreed that the water in the pond should only be used to supply Allman's power plant located 200 yards away, and that it should not be used for drilling purposes. However, ere this oral agreement was made Allman had assigned the lease to the Empire Oil and Gas Company. While plaintiff's action was predicated upon his services in drilling wells for defendant, the water taken from the pond was used in drilling for the Empire Oil and Gas Company, and surely an oral agreement between Allman and defendant would not curtail the Empire company's right to the water in the pond nor subject plaintiff to a liability for using the water in his work of drilling for that company. It is argued for defendant that he only intended to permit the use of any water flowing in a natural watercourse on the land to be used in drilling operations, and that he did not intend to

permit the use of water produced or conserved for watering his cattle, either in ponds or wells. But the written contract did not say so. It only withheld the water in wells; and while an oil and gas lease should perhaps be strongly construed against the lessee, he being the author of its printed terms, the utmost liberality of construction would not permit a reservation of the "water in the wells of the lessor" to include the water produced in an artificial pond on the leased premises.

There is no apparent error in the record, and the judgment is affirmed.