No. 33,778

CAMPBELL, GLENN & CAMPBELL, etc., *Appellants*, v. FRANK F. BOHAN, *Appellee.*

(80 P. 2d 1110)

Opinion filed July 9, 1938.

*Bernard L. Pyles,* of Wellington, and *W. M. Glenn,* of Tribune, for the appellants.

*H. W. Goodwin* and *W. H. Schwinn,* both of Wellington, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a law partnership to recover attorney fees and certain expenses incurred in connection with litigation for the defendant. The defendant prevailed, and plaintiffs appeal.

The action was commenced February 3, 1933. An amended petition was filed and on June 6, 1933, defendant filed his answer alleging payment in full. On October 2, 1935, J. Graham Campbell, one of the members of the plaintiff partnership, died. The action was finally set to be tried on May 25, 1936. No administration had been had on the partnership estate nor on the individual estate of the deceased partner. No order of revivor had been made. Under these circumstances defendant objected to proceeding with the trial.

Glenn, the surviving partner and counsel in this action for the plaintiff firm, admitted no administrator had been appointed, and informed the court none would be appointed. Defendant's objection was at that time overruled and the action was ordered revived, and Vivian Campbell, wife of the deceased partner, was substituted for the deceased partner. Plaintiffs were given ten days to file a supplemental petition. Such petition was filed and was as follows:

"J. Graham Campbell, one of the plaintiffs in this case, died October 2, 1935, intestate, and there has been no administration of the estate, leaving this pleader as his widow and sole heir. This lawsuit survives to Mr. W. M. Glenn as the surviving partner of Mr. Campbell, and he is fully authorized by this pleader as the sole heir of J. Graham Campbell to proceed with the prosecution of this action.

"This pleader further alleges that she knows nothing about the facts of this case and has no different or additional allegations to make to the pleadings already on file. She makes all the allegations of the amended petition of the plaintiffs, filed February 25, 1933, a part of this supplemental petition by reference, the same as if fully incorporated herein.

"This pleader therefore asks that the plaintiffs may have judgment as prayed for in said amended petition."

The action was finally set to be tried on January 18, 1937. The journal entry of judgment discloses that on the day of trial the defendant interposed a plea in abatement and a general demurrer to the amended petition and that the court took the matters under advisement and sustained both on September 7, 1937. The plea in abatement alleged in substance: The action was filed by the partnership; J. Graham Campbell died on October 2, 1935; no revivor of the action had been made in accordance with law; the time for revivor had expired and the action had abated; defendant was entitled to be discharged with his costs.

A disagreement is disclosed in the first briefs of the parties as to whether a demurrer was in fact interposed. Defendant admits the demurrer was oral. As heretofore stated the journal entry disclosed a demurrer had been interposed and sustained. Plaintiff's specifications of error included both the ruling on the plea in abatement and the ruling on the demurrer.

Recollections of the parties, of course, cannot prevail against a positive record such as that affirmatively disclosed by a journal entry of judgment. (*Wyckoff v. Brown,* 135 Kan. 467, 468, 11 P. 2d 720.) In the instant case we need, however, not place the decision on the question of whether a demurrer was interposed on the ground of the disclosures in the journal entry and the fact that the specifica-

tion of error expressly included the ruling on the demurrer. In their reply brief, plaintiffs consent to a review of the ruling on the demurrer. In reviewing the ruling we shall give plaintiffs the benefit of all allegations contained in the supplemental petition as the parties have argued the case on the basis of allegations contained therein as well as those contained in the amended petition.

Defendant insists the appeal should be dismissed for the reason the ruling on the plea in abatement is moot, as there was no appeal from the final order, the sustaining of the demurrer. He also insists that since there was no appeal from the ruling on the demurrer, there is nothing here for review. The appeal was from all adverse rulings, decisions and judgments, and defendant's contention in this respect is not well taken.

The ruling on the demurrer will reach the vital question in this case. Did the court err in sustaining it? This was an action to recover a sum of money claimed to be due, not to any individual partner, but to the partnership. While a partnership has no existence separate and apart from the members which compose it, it is nevertheless an entity as to all matters germane to its interests or affairs. It has its own capital, its own assets and liabilities. In other words, the partnership estate is separate and distinct from the individual estates of its members. (*Neiswanger v. Ord,* 81 Kan. 63, 105 Pac. 17; *Farney v. Hauser,* 109 Kan. 75, 198 Pac. 178.)

In *Jones v. Way,* 78 Kan. 535, 97 Pac. 437, it was held:

"The interest of each partner in the partnership property is his share of the surplus after the payment of all partnership debts and the settlement of all accounts between himself and his partners." (Syl. ¶ 1.)

See, also, *Neiswanger v. Ord,* supra; *Farney v. Hauser,* supra; *Midwest Reserve Trust Co. v. Pioneer Cattle Loan Co.,* 119 Kan. 528, 531, 240 Pac. 587; 20 R. C. L., Partnership, § 84; 47 C. J., Partnership, § 221.

The collection of moneys owing to a partnership estate is one of the essential functions in the administration or winding up of the partnership. Under our law the administration of partnership estates is prescribed by statute and such administration is placed under the supervision and control of the probate court. (G. S. 1935, 22-401 to 22-409, inc.) These provisions preclude the settlement of partnership estates in any other manner. (*Shattuck v. Chandler,* 40 Kan. 516, 20 Pac. 225.)

The primary right to settle the partnership affairs rests with the surviving partner. (*Clark v. Andrews,* 136 Kan. 23, 27, 13 P. 2d 294, and cases cited.) In order to qualify for such administration he must give a bond (G. S. 1935, 22-402), the conditions of which are prescribed by statute (G. S. 1935, 22-403). (*Ballinger v. Redhead,* 1 Kan. App. 434; *Presbury v. Pickett,* 1 Kan. App. 631; *Glass Co. v. Ludlum,* 8 Kan. 40, 48; *Shattuck v. Chandler,* supra; *Clark v. Andrews,* supra, 27; *Burris v. Burris,* 137 Kan. 831, 22 P. 2d 976.)

In the Ballinger case, in referring to the rights of the surviving partner, it was said:

"While it is true that he was entitled to the possession of the property for the purpose of preserving the same, before he could lawfully proceed to wind up the affairs of the estate, he must give bond as required by the statute and wind up the affairs of the estate under the direction of the probate court." (p. 441.)

In the Burris case it was held:

"The procedure to be followed by the surviving member of a partnership which has been dissolved by the death of a member is provided for in R. S. 22-401 to 22-408, and a surviving partner has no right to bring an action with reference to the partnership unless he has complied with these provisions." (Syl. ¶ 1.)

In the event the surviving partner fails to give bond as required by the statute (G. S. 1935, 22-402), the executor or administrator of the estate of the decedent partner, upon giving a further bond to administer the partnership estate, may take possession of the partnership property and use the name of the surviving partner in the settlement of the partnership estate. (G. S. 1935, 22-405.) In order, however, to take such administration out of the hands of the surviving partner, the latter must first be cited concerning his failure to make the required bond. It is only after the surviving partner neglects or refuses to give the bond, after citation, that the executor or administrator of the deceased partner may administer the partnership estate. (G. S. 1935, 22-405, 22-406; *Clark v. Andrews,* 136 Kan. 23, 13 P. 2d 294.) In the instant case there was no allegation the surviving partner or an administrator or executor of the deceased partner had given a bond to settle the partnership estate. W. M. Glenn, the surviving partner and one of the attorneys for plaintiffs, informed the court there had been no administration on the estate of the deceased partner, and that there would be none. Assuming the action was properly revived by the order substituting Vivian

Campbell, the wife and sole heir of the deceased partner, it is evident none of the parties plaintiff were qualified to administer the partnership estate under the provisions of our law, and the demurrer was properly sustained.

Plaintiffs contend W. M. Glenn was authorized, as the surviving partner, to maintain this action on behalf of the copartnership, without administration on the partnership estate so long as he had not been cited for neglect or failure to give the statutory bond, citing *Ballinger v. Redhead,* supra; *Shattuck v. Chandler,* supra; *Carr v. Catlin,* 13 Kan. 393; *Blaker v. Sands,* 29 Kan. 551; *Teney v. Laing,* 47 Kan. 297, 27 Pac. 976; *Newhouse v. Heilbrun,* 74 Kan. 282, 86 Pac. 145; *Friesen v. Hiatt,* 129 Kan. 470, 283 Pac. 644; *Clark v. Andrews,* 136 Kan. 23, 13 P. 2d 294; 47 C. J., Partnership, §§ 494, 607, 689, 691. The citations from Corpus Juris touch only the right of the surviving partner to administer on the partnership estate. The question here presented is his right to administer that estate without qualifying under our statutory provisions. A few of the earlier cases and some statements contained in later cases appear to support plaintiffs' contention. In the Blaker case, much relied upon by plaintiffs, the action by the surviving partner was to obtain the possession of partnership property. It is true it was there held the surviving partner could bring action without having given bond so long as he had not been cited for a failure to give the bond. The various statutes heretofore cited were not discussed and the only case cited as authority for the decision was the still earlier case of *Carr v. Catlin,* 13 Kan. 393, which is to the effect that the surviving partner has the primary right to the *possession* of the partnership property, but that where he appears without citation and files a written refusal to close up the partnership business, the court has jurisdiction to direct the administrator of the deceased partner to give the necessary bond and take charge of the entire partnership assets and that a bond so given is valid. The Carr case is not authority for the right of the surviving partner to bring an action on behalf of the partnership without first giving the statutory bond, and the Blaker case is no stronger authority for that contention.

In the Teney case it was held the executor or administrator of the estate of the deceased partner was not entitled to obtain the possession of the partnership property from the surviving partner until the latter had been cited for failure to give the bond and the

former had executed the further bond for the administration of the partnership property. Nor is the Clark case authority for plaintiffs' contention. It is authority for the proposition that the surviving partner, upon complying with the provisions of G. S. 1935, 22-405, is entitled to administer the partnership assets as against the administratrix of an administering partner. It also holds the surviving partner is required to give bond under the provisions of G. S. 1935, 22-402, in order to be entitled to administer the partnership estate. Plaintiffs also stress the Friesen case. The action there was on a note which plaintiffs had received as a part of a distributive share of the partnership property after the partnership had been fully administered by the surviving partners in collaboration with the administrator of the deceased partner, and under the supervision of a probate court in the state of Nebraska. After such distribution had been made the suit was brought and the defense urged was that it had not been shown the surviving partner had made the necessary bond to administer the partnership estate. It was held the defense was not good, as the proceedings in the Nebraska court were entitled to full faith and credit, and furthermore that plaintiffs held full title to the note, not only from the liquidating partners, but also by assignments of the interest of all heirs of the deceased partner and of his administrator. We do not deem it necessary to discuss the other cases cited.

In order to avoid confusion it is well to bear in mind that the question before us is not whether a surviving partner temporarily may have possession of the partnership assets, but whether he has power to do those things necessary to wind up the partnership business without giving bond. That question is not governed by the common law, but by our statutory provisions for the administration of partnership estates. (G. S. 1935, 22-401 to 22-409, inc.) These statutes cannot be construed separately, but must be considered together. When so considered and so construed we think the legislature intended by G. S. 1935, 22-402 and 22-403, that the surviving partner should be required not only to give a bond, but a bond conditioned as required by statute, in order to be entitled to the right to manage and close the partnership affairs. In other words, the surviving partner has the primary right to such administration, but is required to qualify for the administration as prescribed by law. In the event he fails to so qualify then we think the legislature intended by G. S. 1935, 22-405, to enable the executor or administrator

of the estate of the deceased partner to administer the partnership affairs by giving the bond required by G. S. 1935, 22-406, but that before the surviving partner can be ousted from his primary right to administer the estate, it is necessary that he be cited for failure to make the statutory bond and that he refuse to make the bond after citation. We do not construe G. S. 1935, 22-405, to mean the surviving partner has authority to administer the partnership estate without bond unless he be first cited to make the bond. To construe G. S. 1935, 22-405, otherwise would require that we completely ignore the express provisions of G. S. 1935, 22-402 and 22-403. This we are not at liberty to do.

The judgment of the trial court is therefore affirmed.