Rapallo, J.
The point is taken on this appeal that the motions that a verdict be directed for the defendants and for a nonsuit were properly denied, for the reason that they were made on behalf of all the defendants, whilst the defendant Schaefer, alone, had set up in his answer title to the locus in quo. That the other defendants, not having by their answers justified under Schaefer’s title, they could not avail themselves of that defence at the trial.
The answer to this position is that no such point was taken at the trial. The evidence of Schaefer’s title was offered and received, generally, on behalf of all the defendants, without objection; and it also appeared, and was not controverted, that the other defendants were acting under Schaefer. When the motions were made they were not opposed on the ground that the answers were insufficient, nor does it appear to have been disputed that if Schaefer was entitled to a verdict the *450 other defendants were equally entitled. Had the objection been made that their answers did not entitle them to defend under Schaefer’s title, the defect might have been remedied by amendment. The case seems to have been tried upon the assumption that all the defendants stood before the court in the same position, and it is therefore too late, on appeal, to attempt to discriminate between them.
The proofs clearly showed that the title to the locus in quo was in Schaefer at the time of the alleged trespass, unless the plaintiff had acquired title thereto by adverse possession. It was equally clear that the plaintiff had thus acquired title by adverse possession, unless the agreement executed between him and Briggs (Schaefer’s grantor), in 1860, had the effect to prevent the plaintiff thus acquiring title during the running of that agreement. The construction and effect of that agreement were the only questions considered in the court below, and are, we think, the only questions properly presented on this appeal.
That agreement was under seal, and recited that Briggs was the owner of lot 76, and the plaintiff of lot 77, on a certain map; that both lots were built upon, and. that the buildings might not be located correctly, but that one might encroach upon the lot of the other. The parties, therefore, in consideration of one dollar, by each to the other paid, mutually agreed that neither of them would disturb the other in the enjoyment and occupation of his house or building, so long as his house or building should stand or be used or occupied upon his respective lot above mentioned, and that such agreement should bind the heirs and assigns of both parties.
At the time of the execution of this agreement, January 2, 1860, the plaintiff had been but seventeen years in possession of the house occupied by him. In February, 1871, both houses were destroyed by fire. It was found that the plaintiff’s house had, in fact, encroached upward of five feet upon lot 76 (Schaefer’s lot). These five feet are the premises in dispute, for entering upon which this action is brought.
We think that the agreement of 1860 was made in contem *451 plation of an error in the location of the division line between the houses, and with the intent to secure to whichever party should be found to have encroached upon the lot of the other the quiet enjoyment of so much of his neighbor’s lot as was thus encroached upon, so long as the buildings should stand, but no longer. It recognized the title of each of the parties to the whole of the lot claimed by him as laid down and numbered on the map, however built upon, and was inconsistent with any adverse claim of title by either party to any portion of the lot of the other as designated upon the map; at the same time it precluded the party who should find that his lot was encroached upon from disturbing the possession of the other, so long as his building should stand. It is conceded, in the prevailing opinion at General Term, that under the agreement no action could have been maintained for the-recovery of these five feet while the buildings stood; and we think that the agreement was, in legal effect, a license from the party encroached upon to the other, to occupy the land, improperly covered by his building, so long as the building should stand. The encroaching party thus held under the true owner, the correct location of the division line being postponed by mutual agreement until the buildings should be removed or destroyed.
There was no adverse possession after the making of this agreement until the destruction of the buildings by fire. Schaefer’s right of entry then revived; up to that time it had been suspended. Ho possession can be deemed adverse to a party who has not, at the time, the right of entry and possession.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
All concur.
Judgment reversed.