GEORGE P. GLAZE *et al.* v. CHARLES V. FERGUSON.

NOTE—*Waiver of Demand*—*Evidence*—*Sufficiency*. A jury is author-
ized to infer from the fact that indorsers of a negotiable promissory
note informed the indorsee, at the time of the transfer of the note
to the indorsee, that they had extended the time of payment by
agreement with the makers, and requested the indorsee not to pre-
sent it for payment for 30 days, the indorsee consenting thereto, that
the indorsers had waived demand, protest and notice of non-payment
of said note.

*Error from Sedgwick Court of Common Pleas.*

ACTION to recover on a note. Judgment for plaintiff, *Fer-
guson*, at the May term, 1889. The defendants *Glaze* and
others bring the case to this court. The opinion states the
facts.

*Noah Allen,* and *J. M. Humphrey,* for plaintiffs in error.

*Bentley & Ferguson,* for defendant in error.

Opinion by SIMPSON, C.: This action was brought by
Charles V. Ferguson, in the common pleas court of Sedg-
wick county, against George Morris, Sarah Morris, George
P. Glaze, George C. Gardner, H. B. Gardner, and C. L.
Andress, to recover on a promissory note, of date March 17,
1887, for $400, with interest from date to maturity at 8 per
cent., and, if not paid at maturity, interest at 12 per cent.
George Morris and Sarah Morris are charged as makers of
the note. George P. Glaze was the payee. The note was
given as a part of the purchase-money of lots 1, 3, 5, and 7,
in Gardner's addition to the city of Wichita, and a vendor's
lien was reserved in the deed from Glaze to Morris and wife
for the amount of this note. At the time of the commence-
ment of the action, Andress was the owner of the lots. This
note was indorsed by Glaze to George C. Gardner and H. B.
Gardner, and by them indorsed and delivered to Ferguson
before maturity. Ferguson, in his petition, avers that at the

time the note was indorsed and delivered to him that Glaze, Gardner and Gardner stated to him that the time of the payment thereof had been extended 30 days, and that this extension was granted by their consent, at the request of the makers, and that he (Ferguson) agreed not to present the note for payment to the makers until the expiration of 30 days after maturity, and that H. B. Gardner expressly agreed that if said note was not paid at the expiration of 30 days, he and G. C. Gardner and George P. Glaze would pay the same. George C. Gardner, H. B. Gardner and Glaze filed answers, each pleading a general denial; and as the case is here only as to these parties, it is not necessary to state the action of the others.

When the case was called for trial, these plaintiffs in error objected to the introduction of any evidence under the petition, because it does not state facts sufficient to constitute a cause of action against them. This objection was overruled, and this raises the controlling question in the case. The jury found for Ferguson, and returned a verdict for the amount of the note, with interest, against the defendants, and judgment was rendered on the verdict. As there was no evidence tending to show protest and the service of notice of dishonor on Gardner, Gardner, and Glaze, the verdict of the jury, under the instructions given by the court, was based upon the fact that the time for the payment of the note had been extended for 30 days by these parties, at the request of the maker, and that they had so informed Ferguson at the time of the transfer of the note by them to him. There is some evidence to sustain. the verdict on this theory. This leaves the legal question as to whether or not such an agreement dispenses with notice and protest so far as the indorsers are concerned. And if it does, the objection to the petition was properly overruled. It stated a cause of action against Gardner, Gardner, and Glaze. The plaintiffs in error, both in the court below and here, seek to have the questions determined on a strict construction of the rules of commercial law as to demand and notice, and consequently ignore any theory of the

case that implies waiver of notice to the indorsers.   That the presentment of a note, as well as protest and notice, can be dispensed with by agreement or waiver, is a familiar doctrine of the text-books.   The waiver may be either verbally or by writing; it may be expressed in strict terms or inferred from the words or acts of the party.   It may result from any understanding between the parties which is of such a character as to satisfy the mind that a waiver is intended.

"Any act, course of conduct or language of the drawer or indorser, calculated to induce the holder not to make demand or protest or give notice, or to put him off his guard, or any agreement of the parties to that effect, will dispense with the necessity of taking these steps." (Daniel, Neg. Inst., § 1103, and authorities cited in foot-notes.)   "Where the indorsers agree to an extension of time of payment, it waives demand, protest, and notice." (Id., § 1106.)

*Ridgway v. Day,* 13 Pa. St. 208; *Barclay v. Weaver,* 19 id. 396; *Bank v. Waples,* 4 Har. (Del.) 429; *Bank v. Moore,* 37 N. H. 539, are the cases cited to sustain the text.   In the case of *Hudson v. Wolcott,* 39 Ohio St. 618, the court say:

"At the time of the indorsement the parties thereto were fully informed that the maker could not at that time make payment, nor probably within 30 days, and the inference is clear that the parties, indorser and indorsee, intended to await payment for that period.   If so, demand and notice within that period were waived.   And clearly, demand and notice, under the circumstances, were not required at the end of the 30 days by any rule of law, for the reason that the note had long been past due, and no contract had been made with the maker to extend the date of payment to any other time than that named in the note itself; so that neither the rule of law in respect to demand and notice at maturity of commercial paper indorsed before maturity, nor that in respect to indorsement of paper past due, were applicable in this case after the lapse of 30 days from the date of transfer."

This case is a stronger one than the cited case, because here the indorsers themselves, before the transfer of the note to Ferguson, made an agreement with the maker to extend the time, and, according to the adjudicated facts, so informed the

defendant in error at the time of the transfer. In a subsequent case, that of *McGonigal v. Brown,* 45 Ohio St. 499, the decision in *Hudson v. Wolcott* was affirmed, and the court say:

"It is contended, however, that a new time of payment was fixed by the extension to 'about the 1st of April, 1877,' and that demand and notice, within a reasonable time after the 1st of April, were necessary in order to make the indorser liable. The extension to about the 1st of April, in our view, designated a time so indefinite as to be calculated to mislead the indorsee, and put him in doubt and off his guard in protecting his rights as against the indorser. It was beyond the power of the indorsee to determine definitely when the note was payable by the terms of the extension. To charge a drawer or indorser, demand should be made on the day of the maturity of the note or bill. If made before the note falls due, it is unavailing; and if made after, it is generally insufficient for the purpose of charging the indorser or drawer. The defendant in error, having contributed toward rendering the holder of the note incapable of definitely determining the day of payment, and of strictly complying with the rules of commercial law in respect to demand and notice, he is to be held as intending to waive such compliance. We have not been able to reach the conclusion that the indorser, after having received a valuable consideration, designed to place his indorsee in a situation of doubt and uncertainty, and afterwards to hold him rigidly to the requirement of demand and notice, in order that he might evade an indorser's liability."

This applies with great force to the facts in this case. The case of *Boyd v. Bank of Toledo,* 32 Ohio St. 526, will be found to be a very instructive case, citing many authorities on the question of waiver, and going far to support the judgment in this case. The case of *Taunton Bank v. Richardson,* 5 Pick. 435, holds that proof of a waiver of notice will support the allegation of actual notice, and that where the indorser of a note applied to a bank to have it discounted, and promised to attend to the renewal of it and to take care of it, and directed that a notice to the maker should be sent in his care, and such notice was sent accordingly, that this was a waiver of regular demand and notice, or at least from it a jury might legally infer a waiver. The cases of *Jones v. Fales,* 4 Mass. 251;

*Fuller v. McDonald,* 8 Me. 213, are also cited to support this doctrine. These authorities establish the rule embodied in the instructions of the court, and support the theory upon which the jury acted.

The case of *Doolittle v. Ferry,* 20 Kas. 230, is invoked in support of the contention of the plaintiffs in error. That case holds that "parol testimony is inadmissible to change a simple unqualified indorsement, whether in full or in blank, into an indorsement without recourse," but there is no such question here; the indorsement is conceded; it imports a conditional liability; that liability can be made absolute by presentation, protest and notice in due time; and the question here is, did the indorsers waive the performance of certain things that fix liability if not waived? There is no pretense in this case, on either side, that there was any parol agreement contemporaneous with the indorsement that changed its legal implication. If counsel mean that waiver of demand, protest and notice cannot be made by parol, all the books contradict them. The same question is presented by the demurrer to the evidence at the trial as raised by objection to any evidence under the petition. And, so far as the controlling question is concerned, the instructions are in line with the authorities cited.

There is some contention in the brief of counsel for plaintiffs in error that this note was assigned and not indorsed, and the case of *Hatch v. Barrett,* 34 Kas. 223, is cited in support thereof. There are no points in common in the cases. In the cited case there was written on the back of the note these words: "I, James C. Rogers, do hereby assign the within note to Charles B. Hatch, of Osage county, Kansas. Said assignment is made without recourse on me either in law or equity." In this case the names of George P. Glaze, George C. Gardner and H. B. Gardner are indorsed without other words. And now we invoke the authority of *Doolittle v. Ferry,* supra, against this contention. Apart from all this, the fact of indorsement by all three of the plaintiffs in error was fully established at the trial — in fact, not controverted. It is true

11 — 48 KAS.

that the Gardner Bros. claimed, when on the witness stand, that they borrowed money from Ferguson and deposited the note as collateral security, expecting to redeem it in a week or 10 days. If this had been true, it would completely demolish their defense that they were commercial indorsers, and entitled to notice of demand, protest, and non-payment. But they did not claim that they had ever redeemed the note, nor do they plead a tender of the amount borrowed and demand the return of the collateral. Their whole defense rested on the claim that they were indorsers, and, as such, were entitled to notice of demand and non-payment.

The instruction complained of in the supplemental brief was not excepted to. The claim that no personal judgment could be rendered on the pleadings against the plaintiffs in error is not tenable, because, while the prayer is a little ambiguous, yet it is easily susceptible of a construction that sustains the judgment, and it is our duty to so construe it.

We think exact justice has been done, and there are no prejudicial errors in the record of the judgment, and recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.