R. H. MARKLAND *et al.* v. M. McDANIEL.

1. NEGOTIABLE NOTE—*Liability of Indorser—Waiver of Protest.* Where indorsers of a negotiable promissory note tell the holder before maturity not to do anything with the note, and that they will pay it, it is unnecessary, in order to charge them as such indorsers, that formal demand of payment be made on the maker, and notice given to the indorsers of his failure to pay, but demand and notice will be deemed waived.

2. INSTRUCTION—*Refusal, not Error.* It is not error to refuse an instruction which, though stating a correct principle of law, is inapplicable to the facts as disclosed by the testimony.

*Error from Saline District Court.*

ACTION on a promissory note by *McDaniel* against *Markland* and others. Plaintiff had judgment on demurrer to the

petition, and defendants bring the case to this court. The opinion states the facts.

*Chas. A. Hiller*, for plaintiffs in error:

If the petition is construed as an attempt to hold the defendants as guarantors, it is contradicted by the copy of the indorsement, and therefore bad pleading. *Banking Co. v. Riley Co. Bank*, 30 Kas. 163. Further, we claim that a waiver of protest and notice upon a negotiable note must be in writing. The common-law rules and decisions on this point are not applicable, since we have special sections of the statutes prescribing the procedure in this state. Gen. Stat. of 1889, ¶¶ 477, 482, 483.

A waiver of protest is not enough, but notice of nonpayment should also be waived, since notice is no part of a notary's duty, and a waiver should never be extended beyond its exact terms. *Bank of Lindsborg v. Ober*, 31 Kas. 599. In pursuance of the theory that the defendants were guarantors, the plaintiff throughout the trial was permitted to offer parol evidence to contradict the legal effect of the written indorsement. This was error. *Swartz v. Redfield*, 13 Kas. 550; *Couch v. Sherrill*, 17 id. 622; *Bradford v. Pauly*, 18 id. 216; *Doolittle v. Ferry*, 20 id. 230; *Selover v. Snively*, 24 id. 672.

The charge of the court ignores the allegations of the petition, the evidence and non-evidence of insolvency, etc., and tells the jury that the plaintiff seeks to recover of the defendants as indorsers. This we think was manifest error. It was not the theory on which the case was tried. The court also refused to give any of the six instructions asked by the defendants. This was error. Dan. Neg. Inst., §§ 1091, 1096.

The verdict is not warranted by the evidence. The acts and conversations related are far from being sufficient to prove a waiver of protest and notice. They are too equivocal, and indicate no more than that the defendants thought that the plaintiff was safe in not pressing immediate collection of the note and told him so. *Freeman v. O'Brien*, 38 Iowa, 406.

*Garver & Bond,* for defendant in error:

"It is proper to look at all the surrounding circumstances, the preëxisting relation between the parties, and then to see what they mean when they speak." *Blossom v. Griffin,* 13 N. Y. 569; *Clark v. Woodruff,* 83 id. 522; *Hall v. Davis,* 36 N. H. 569; *Lowry v. Adams,* 22 Vt. 160; *Keller v. Webb,* 125 Mass. 88; 1 Greenl. Ev., §§ 286–289. See, also, *Simpson v. Kimberlin,* 12 Kas. 584; *Goddard v. Foster,* 17 Wall. 123, 142.

Counsel for plaintiffs in error insists in this court, as he did in the lower court, that parol evidence of a waiver of protest is not admissible. The authorities amply sustain the rulings of the court on this question. *Glaze v Ferguson,* 48 Kas. 157, 159; *Gove v. Vining,* 7 Metc. 212; *Sigerson v. Mathews,* 20 How. 496.

No question is made as to the authority of one partner to waive protest; nor under the authorities could there be. *Hyme v. Watt,* 5 Kas. 34; *Darling v. March,* 22 Me. 184; *Wagon Co. v. Swezey,* 52 Iowa, 391. See, also, *Union Bank v. Hyde,* 6 Wheat. 572; *Baker v. Scott,* 29 Kas. 136.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by the defendant in error, as plaintiff below, to recover from Markland, Dodge, and Moore, as indorsers on a promissory note drawn to their order by George W. Wilson and wife, indorsed by them to Smith George, and by Smith George to plaintiff. A copy of the note and indorsements is attached to the petition. The execution of the note and its indorsement by the defendants is alleged, and also that the defendants requested plaintiff, before the note became due, not to have it protested, and agreed that, if plaintiff would not protest, the defendants would pay the amount thereof to the plaintiff; that plaintiff, relying upon this promise, did not have the note protested. There are other averments in the petition which appear to us unnecessary. Among these is one with reference to the guar-

anty by the defendants of the payment of the note; also, a statement with reference to the circumstances under which the note was executed. These matters were, however, merely surplusage. The only cause of action stated in the petition, when all its averments are construed together, is one against defendants as commercial indorsers, who have waived protest of the note. The defendants demurred to the petition, and the overruling of this demurrer is assigned as error. This ruling was right—the petition stated a cause of action. Some evidence was received on the trial with reference to what transpired between Smith George and the defendants at the time the note was executed which appears to us irrelevant, but as the case was tried on the theory that the defendants were commercial indorsers, and the jury were instructed only with reference to their liability as such, we do not think this evidence could have materially prejudiced the rights of the defendants. Counsel contends that a waiver of protest must be in writing, though he states that there are many authorities upholding the opposite view. The law is well settled, not only in this state but generally, that a verbal waiver is sufficient. In the case of *Glaze v. Ferguson*, 48 Kas. 159, it was said:

"That the presentment of a note, as well as protest and notice, can be dispensed with by agreement or waiver, is a familiar doctrine of the text-books. The waiver may be either verbally or by writing. It may be expressed in strict terms, or inferred from the words or acts of the party. It may result from any understanding between the parties which is of such a character as to satisfy the mind that a waiver is intended."

See, also, the authorities cited in that case. (Also *Gove v. Vining*, 7 Metc. 212; *Sigerson v. Mathews*, 20 How. 496.)

The learned counsel for the plaintiff in error also complains of the charge of the court, because it ignores all the allegations of the petition except those with reference to the liability of the defendants as indorsers. We think the court was right, and that no other cause of action was stated against

23—51 KAS.

defendants except as indorsers. The third instruction asked by the defendants and refused by the court may be conceded to be sound, but we do not see that any necessity existed for giving it in this case. It reads as follows:

"The plaintiff in this action claims that demand, notice of nonpayment and protest was verbally waived by the defendants, or one of them. Upon this point, I charge you that to establish such waiver the evidence must be clear and unequivocal, and equivocal circumstances and agreements are not sufficient for this purpose."

If the jury believed the testimony of the plaintiff and Smith George, there was sufficient evidence to sustain the finding of waiver. If they believed the testimony of the defendant Dodge rather than the witnesses for the plaintiff, there was no waiver, for he denied *in toto* having had the conversation testified to by plaintiff's witnesses. There was no middle ground to be considered by the jury, and therefore the instruction asked was not applicable. We do not think the testimony on behalf of plaintiff equivocal. It shows that before the note became due the plaintiff spoke to the defendant Dodge, and asked him what he was going to do about it, and that Dodge answered to let it stand just as it was; that they would see it was paid; that they expected to pay it any way, and that he would never lose a dollar. If such a statement was in fact made by a member of the defendant firm before the note fell due, we think the plaintiff had a right to rely on it, and that he was under no obligation to go through with the useless form and expense of making formal demand and giving notice of the nonpayment of this note. We perceive no error in the record. Judgment will be affirmed.

All the Justices concurring.