## DEWEY v. SIBERT et al.

Rev. Civ. Code, § 2191, requiring an indorser to pay the note after dishonor and notice thereof given, or without notice where it is excused, and section 2221, providing that notice of dishonor is excused when waived, and section 2226, providing that a waiver of protest waives presentment and notice, do not change the common law as to waiver, protest, and notice; and an indorsee, failing to show a legal demand, protest, and notice, may show by parol a waiver of protest subsequent to the indorsement.

(Opinion filed, October 30, 1907.)

Appeal from Circuit Court, Hamlin County. Hon. GEORGE H. MARQUIS, Judge.

Action by O. E. Dewey against George Sibert and others. From a judgment in favor of defendant John Walklin, plaintiff appeals. Reversed, and a new trial ordered.

*Seward & McFarland* and *Cheever & Cheever,* for appellant.

CORSON, J. This is an action by the indorsee of a promissory note against the makers and indorser, and from the judgment entered upon a directed vedict in favor of the indorser, Walklin, the plaintiff has appealed.

The complaint is in the usual form, and, after alleging the execution of the note by the makers and indorser and the nonpayment of the same, it contains a further allegation that after the said note became due and payable the same was duly presented payment thereof duly demanded, which was refused, and notice of presentment, demanded refusal, and protest was given. Defendant Walklin in his answer admits the execution of the note by the makers and his indorsement thereon, by denies all of the other allegations of the complaint. On the trial, after the introduction of the note in evidence by the plaintiff, together with the in-

dorsement thereon, without objection, the plaintiff offered in evidence a certificate of the notary of the protest of the note and the giving of notice of nonpayment to the makers, indorsers, and holders of the same. This certificate of protest was objected to by the defendant Walklin upon the ground that the demand, protest, and notice of protest were premature, which objection was sustained by the court, and the certificate excluded. The plaintiff thereupon called as a witness Mr. Lundy, the notary public who was intrusted with the duty of protesting the note, who testified that about November 1, 1902, the day the note by its terms became due, he had a conversation with the defendant Walklin, presenting him the note, and told him that it was there for collection, and that if the same was not paid at the expiration of the days of grace it would be protested, "and he said he would waive protest." Counsel for the defendant Walklin thereupon moved that the answer of the witness be stricken from the record, on the ground that it was incompetent, irrelevant, and immaterial, that it did not support or tend to support any issue involved in the action, and that it was not admissible under section 2222 of the Revised Civil Code. This motion was granted, and the court directed a verdict in favor of Walklin. A motion for a new trial was made and denied.

It is contended by counsel for plaintiff and appellant that it was competent for him to show waiver of demand and notice made by parol subsequent to the execution of the note, that the evidence of Lundy proved such waiver, and that the court erred in striking out this evidence. We are inclined to agree with the counsel in this contention. By section 2191 of the Revised Civil Code it is provided: "Every indorser of a negotiable instrument warrants to every subsequent holder thereof who is not liable thereon to him. * * * (4) That if the instrument is dishonored the indorser will, upon notice thereof duly given to him, or without notice, whether it is excused by law, pay the same in full with interest. * * *" And by section 2221 it is provided: "Notice of dishonor is excused: *. * * (4) When the notice is waived by the party entitled thereto. * * *" Section 2191

is substantially a copy of section 1736 of the proposed Civil Code
for the state of New York, and the latter section is a copy of
section 1766 of the said proposed Code. These sections substan-
tially embody the common law, and the code commissioners of New
York, in their note to the latter section quoted, refer to the case
of Conkling v. King, 10 N. Y. 446, as the basis of that section.
In that case the court of Appeals of New York says: "It is a
sound maxim that any one may,at his pleasure, renounce the bene-
fit of a stipulation or other right introduced entirely in his own
favor. Broom's Maxims, 310. A familiar instance of the appli-
cation of this maxim occurs in connection with the law of bills
of exchange. The general rule is, when a bill has been indorsed
and the holder intends to sue any of the indorsers, it is incumbent
on him first to demand payment from the acceptor on the day
when the bill becomes due, and, in case of refusal, to give due no-
tice hereof within a reasonable time to the endorser. The reason is
that his undertaking to pay the bill is not an absolute, but a con-
ditional, undertaking; that is, in the event of a demand made on
the acceptor (who is primarily liable) at the time when the bill
becomes due, and notice given of refusal on his part or neglect
to pay. As, however, the rule requiring demand and notice is in-
troduced for the benefit of the party to whom such notice must
be given, it may, in accordance with this maxim, be waived or
dispensed with by the party." . It will be observed that in that
opinion the learned court clearly recognizes the principle that de-
mand and notice may be waived or dispensed with by the indorser.

'While there seems to be some conflict in the authorities as
to whether or not a waiver, or demand, protest, and notice, may
be made by an oral agreement contemporaneously with the indorse-
ment (Schmitz v. Hawkeye Min. Co., 8 S. D. 544, 67 N. W.
618), there seems to be no conflict in the authorities that, subse-
quent to the indorsement, demand, protest, and notice may be
waived by parol. The author of "Bills and Notes" in 4 Am. &
Eng. Enc. Law, 458, in discussing the subject, says: "And it
seems not to be doubted that, after the obligation of a drawer or
indorser has attached a waiver may be made by parol." The Su-
preme Court of Kansas, in discussing this subject in Markland

v. McDaniel, 51 Kan. 350, 32 Pac. 1114, 20 L. R. A. 96 says: "The law is well settled, not only in this state but generally, that a verbal waiver is sufficient. In the case of Glaze v. Ferguson, 48 Kan. 159, 29 Pac. 396, it was said: "That the presentment of a note, as well as protest and notice, can be dispensed with by agreement or waiver, is a familiar doctrine of the textbooks.' The waiver may be either verbally or by writing. It may be expressed in strict terms, or inferred from the words or acts of the party. It may result from any understanding between the parties which is of such a character as to satisfy the mind that a waiver is intended." The Supreme Court of Missouri, in the case of Rodney v. Wilson, 67 Mo. 123, in discussing this subject, says: "Undoubtedly, after the obligation as indorser attached, it was competent for T. F. Rodney to waive by parol the necessity for demand and notice. This is conceded by all the authorities." John Sigerson v. Mathews, 20 How. (U. S.) 496; Gove v. Kining, 7 Metc. (Mass.) 212; Ridgway v. Day, 13 Pa. 208; Barclay v. Weaver, 19 Pa. 396; Bank v. Waples, 4 Har. 429; Bank v. Moore, 37 N. H. 539, 75 Am. Dec. 156; Fuller v. McDonald, 8 Greenl.; 1 Daniel on Neg. Inst. § 2200.

Section 2226 of the Revised Civil Code provides: "A waiver of protest on any negotiable instrument other than a foreign bill of exchange, waives presentment and notice." And it is stated by the author of "Negotiable Instruments" in 14 Ency. of P. & P. 359, that "it is held by what seems to be the weight of authority that matter excusing notice of dishonor may be shown under an allegation that such notice was given." And that learned author, on page 452, says that "plaintiff may allege the giving of notice of nonpayment and prove facts excusing such notice, without causing a material variance." 14 En. of P. & P. 552. We are of the opinion that it was not the intention of our Legislature, in adopting the sections of our Code above quoted, to make any change in the common law as to waiver, protest, and notice, and that it was clearly competent, therefore, for the plaintiff, failing to show a legal demand, protest, and notice in this suit, to show a waiver by parol, and the court was clearly in error in striking out plaintiff's evidence proving or tending to prove such waiver of protest.

For this error of the circuit court, its judgment and order denying a new trial are reversed, and a new trial ordered.