No. 19,601.

RUTH DILLON, *Appellant*, v. CHARLES BRON et al. (revived
in the name of EDWARD LITTLE, as Administrator of the es-
tate of E. D. Kimball, Deceased, *Appellee*).

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Indorser*—*Waiver of Presentment and Notice of Non-
payment.* Where the indorser of a promissory note, at the time of its
negotiation, promises the indorsee to look after the note and states
that the money will be in his hands, and on the day that the note is
due again promises to look after the note, presentment and notice of
nonpayment of the note are waived.

Appeal from Sedgwick district court, division No. 1;
THOMAS C. WILSON, judge. Opinion filed July 10, 1915. Re-
versed.

*Earl Blake, W. A. Ayres,* and *C. A. McCorkle,* all of Wichita,
for the appellant.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action on a promissory note.
Judgment was rendered against the plaintiff on a demurrer
to her evidence. She appeals.

The action was commenced February 7, 1912. The note is
dated June 21, 1911, and is signed by defendants, Charles and
Anna Bron. It was given to defendant E. D. Kimball, and was
indorsed by him as follows: "Pay to the order of Ruth Dillon.
E. D. Kimball." The petition alleges that defendant E. D.
Kimball promised to see that the note was paid when it became
due, and that the plaintiff relied upon this promise. The plain-
tiff's evidence tends to show that before the purchase of the
note by the plaintiff, defendant Kimball promised that he
would look after the note, that he would indorse it and put
his name upon it, and stated that the money would be in his
hands. On the day the note was due the plaintiff talked to
defendant Kimball over the telephone, and asked him if he
remembered that the note was due on that day, and if he would
look after it. Kimball said he would. The plaintiff called him
a number of times over the telephone after that and asked him

if the note had been taken care of, to which inquiries he replied that it had not. The note was not presented to the maker for payment. Other than as above set forth, no notice was given to defendant Kimball that the note had not been paid. The court excluded certain evidence offered by the plaintiff. It does not appear that this evidence was produced at the hearing of the motion for a new trial.

Was the demurrer to the evidence properly sustained? This depends upon whether or not defendant Kimball, under the promises made by him to the plaintiff, was excused from paying the note by the failure of the plaintiff to present the same to the maker when it became due, and to notify defendant Kimball of its nonpayment.

Section 5319 of the General Statutes of 1909 reads:

"Every indorser who indorses without qualification . . . engages that on due presentment it shall be accepted or paid, or both, as the case may be, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it."

Section 5342 is as follows:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Section 5362 reads:

"Notice of dishonor may be waived, either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be express or implied."

What was the effect of the statements made by defendant Kimball, the indorser of this note, to the plaintiff, at the time of the negotiation, and on the day the note became due? At the time the note was negotiated he promised to look after it and stated that the money would be in his hands. On the day the note became due he told the plaintiff that he would look after it. This was, in effect, waiver of presentment and of notice of dishonor of the note. This case is closely analogous to *Markland v. McDaniel,* 51 Kan. 350, 32 Pac. 1114, where this court said:

"Where indorsers of a negotiable promissory note tell the holder before maturity not to do anything with the note, and that they will pay it,

it is unnecessary, in order to charge them as such indorsers, that formal demand of payment be made on the maker, and notice given to the indorsers of his failure to pay, but demand and notice will be deemed waived." (Syl. ¶ 1.)

Again, in *Glaze v. Ferguson,* 48 Kan. 157, 29 Pac. 396, this court said:

"That the presentment of a note, as well as protest and notice, can be dispensed with by agreement or waiver, is a familiar doctrine of the text-books. The waiver may be either verbally or by writing; it may be expressed in strict terms or inferred from the words or acts of the party. It may result from any understanding between the parties which is of such a character as to satisfy the mind that a waiver is intended." (p. 159.)

It follows that the demurrer to the evidence should have been overruled. The judgment is reversed, and a new trial is directed.