No. 25,799.

THE MIDWEST RESERVE TRUST COMPANY, *Appellant*, v. THE
PIONEER CATTLE LOAN COMPANY et al., *Appellees.*

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Liability of Indorser—Presentment for Payment—Notice of
Dishonor.* Under the negotiable instruments law, as a condition precedent
to fixing an indorser's liability upon a promissory note, presentment for
payment must be made by the holder to the maker, at the time and in
the manner provided by the statute (unless such presentment is not required
or is dispensed with, as those terms are defined in the statute), and if the
instrument be dishonored by nonpayment, notice of dishonor must be
given to the indorsers in the time and manner provided by the statute
(unless such notice has been waived, or dispensed with, or is not required,
as those terms are defined in the statute).

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed
November 7, 1925. Affirmed.

*Samuel Griffin, W. E. York,* both of Medicine Lodge, *Armwell L. Cooper,
W. E. Kemp* and *Ellison A. Neel,* all of Kansas City, Mo., for the appellant.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James
G. Norton, W. E. Stanley,* all of Wichita, *Adrian S. Houck* and *A. L. Orr,*
both of Medicine Lodge, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action against the indorsers on a promis-
sory note, the maker not having been served with summons. The
trial court sustained a demurrer to the evidence for the reason,
among others, that there had been no presentment for payment nor
notice of dishonor. The plaintiff has appealed.

While other questions are discussed, we shall only consider
whether it was necessary, under the facts as disclosed by the evi-
dence in this case, in order to bind the indorsers, that there should
have been a presentment for payment and notice of dishonor. Dave
Freemyer for many years was the president and principal manag-
ing officer of the Lake State Bank. He was also engaged in the
ranch and cattle business. For some time he engaged in the busi-
ness of making and negotiating loans on live stock, the profits from
which were turned into the bank as a part of its earnings. Some
time in 1918 he and the other stockholders of the bank entered into

Bills and Notes, 8 C. J. §§ 739, 748, 776, 895, 917, 940, 959; 46 L. R. A. 804;
3 R. C. L. 1218.

a written agreement by which he was to continue to make and handle cattle loans as he had previously done, the individual stockholders of the bank to share in the profits or losses of the business. He did continue to handle such loans for a time in his own name, and later under the name of The Pioneer Cattle Loan Company. There was talk of incorporating, and a corporation was finally effected about June 15, 1921. On April 1, 1921, Dave Freemyer executed his personal note to the Pioneer Cattle Loan Company for $9,000, due July 1, 1921, and payable at the Lake State Bank. This note was indorsed "The Pioneer Cattle Loan Company, by Dave Freemyer, its president," also by Dave Freemyer personally, and negotiated to the plaintiff. This was a renewal of a previous note of similar tenor secured by a chattel mortgage upon cattle and feed owned by Dave Freemyer. About June 20, 1921, a representative of plaintiff called upon Dave Freemyer, who informed such representative that he could not pay the note when due. The note was not presented to Dave Freemyer for payment when due, and no notice of dishonor was given either to The Pioneer Cattle Loan Company or to the individual persons whom plaintiff alleges were partners doing business under that name. While there was some controversy about the matter, we shall assume, without deciding the question, that the stockholders of the Lake State Bank constituted a partnership and were doing business under the name of The Pioneer Cattle Loan Company. No demand was made either upon Dave Freemyer or any of the persons composing the firm of The Pioneer Cattle Loan Company for the payment of this note after it was due until the latter part of October or early in November, 1921. Payment not being made at that time, this suit was brought soon thereafter.

The indorsers of a promissory note are discharged from liability by a failure on the part of the holder to make presentment for payment (R. S. 52-701) and to give notice of dishonor (R. S. 52-801), unless the facts bring the case within some of the exceptions mentioned in the statute.

Presentment for payment is not required in order to charge an indorser when the instrument was made for his accommodation and he has no reason to expect it to be paid if presented (R. S. 52-711), but it is not contended this section of the statute applies to the facts in this case. On the other hand, the evidence discloses that the note was made as the individual debt of Dave Freemyer; that plain-

tiff purchased it as his individual note and made payment direct to him, and that the proceeds did not pass through the account of the Pioneer Cattle Loan Company. If the written agreement made in April, 1918, between Dave Freemyer and other parties defendant in this action is relied upon to establish the partnership of the parties, it would seem that this transaction was not within the scope of the partnership agreement, for that made no mention of notes given by one of the group and sold direct to some purchaser, but its terms negative such an intention. It contemplated the business of making loans to individual borrowers on cattle and other live stock in the name of Dave Freemyer and negotiating them to buyers of commercial paper at a profit and setting aside the profit of such transaction into a separate account for the benefit of the signers of the agreement.

By R. S. 52-713 presentment for payment is dispensed with "(1) where after the exercise of reasonable diligence presentment as required by this act cannot be made; (2) where the drawee is a fictitious person; (3) by waiver of presentment, express or implied." It is not contended that presentment was dispensed with for any of these reasons. The note by its terms was payable at the Pioneer Cattle Loan Company, Lake City, Kan., and no reason is suggested why it could not have been sent there for presentment; indeed, the evidence discloses no effort was made at presentment. The maker, Dave Freemyer, was not a fictitious person. It was neither alleged in the petition nor shown by the evidence that presentment was waived, either expressly or by implication. The petition contained a second cause of action, in which it was alleged, as to some of the defendants only, that they signed a written guaranty of the prompt and full payment of certain notes sold by the Pioneer Cattle Loan Company to plaintiff and waiving presentment and notice of dishonor, but upon a demurrer for misjoinder being sustained, which ruling is not complained of, this second cause of action went out of the case, which then proceeded to trial upon the first cause of action, and this contained no allegation of waiver of presentment nor of waiver of notice of dishonor. The liability of an indorser of a promissory note to a subsequent holder thereof is at first contingent and becomes fixed definitely only upon presentment and notice of dishonor in the manner provided by statute. (R. S. 52-701 *et seq.*, 52-801 *et seq.*; *Bank v. Clark*, 111 Kan. 439, 208 Pac. 459; *Case v. McKinnis*, 107 Ore. 223.) The first step to be

taken by the holder of the note to change the contingent liability of an indorser to a fixed liability is presentment for payment at the time, place, and in the manner provided by the statute, unless because of the circumstances presentment is not required (R. S. 52-711), or is dispensed with (R. S. 52-713). Naturally there can be no effective notice of dishonor until presentment has been made and the instrument has been dishonored by nonpayment. The next step, in order to change the contingent liability of an indorser to a fixed liability after presentment and dishonor, is for the holder to give notice of dishonor to the indorser, and even though presentment be made and the instrument be dishonored, any indorser to whom such notice is not given is discharged (R. S. 52-801), unless the indorser has waived notice of dishonor (R. S. 52-821), or such notice is dispensed with (R. S. 52-824), or the circumstances are such that the notice is not required (R. S. 52-827). As we have heretofore seen, there was neither allegation nor proof of waiver of notice of dishonor by the indorser in this case, neither is it contended that the notice was dispensed with because it could not be given. The statute reads:

"Notice of dishonor is not required to be given to the indorser in either of the following cases: (1) Where the drawee is a fictitious person or person not having capacity to contract, and the indorser was aware of the fact at the time he indorsed the instrument; (2) where the indorser is the person to whom the instrument is presented for payment; (3) where the instrument was made or accepted for his accommodation." (R. S. 52-827.)

It is not contended that the first or third subdivisions of this paragraph apply, but it is argued that the second subdivision applies. It is argued that since Dave Freemyer was the maker of the note, and also a member and the chief managing officer of the partnership of the Pioneer Cattle Loan Company, the indorser, notice of dishonor would have been given to him had one been given. Plaintiff is not in good position to urge this question, for the reason that there was no presentment for payment, the first essential step in the proceedings to create the fixed liability upon the indorser. Even if plaintiff were in a position to urge this question, we would hesitate to say that the position taken is well founded. For many purposes a partnership has a business entity separate and distinct from that of the individual persons composing the firm. (*Neiswanger v. Ord,* 81 Kan. 63, 65, 105 Pac. 17; *Farney v. Hauser,* 109 Kan. 75, 79, 198 Pac. 178; 20 R. C. L. 804; 30 Cyc. 455; *Zakas Bakery v. Lipes,* 27 Ga. App. 712; *Jensen v. Wiersma,* 185 Ia. 551; *Martin*

*v. Hemphill*, 237 S. W. 550 [Tex.]; *The People v. Zangain*, 301 Ill. 299; *Williams v. Wilson*, 205 Ala. 119.) While it is perfectly competent for an individual member of the partnership to do business with the firm, his relations to the firm pertaining to such business are ordinarily those of an outsider (*Farney v. Hauser*, supra), and especially should this be said to be true when the personal business of the individual member of the firm is not within the scope of the partnership business as shown by the partnership agreement.

The judgment of the court below is affirmed.