## No. 33,479

GOFFE & CARKENER, INC., *Appellee,* v. BEN GURLEY, *Appellant.*

(72 P. 2d 964)

Opinion filed November 6, 1937.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellant.

*Carl S. Byers,* of Salina, and *O. T. Thomsen,* of Kansas City, Mo., for the appellee; *P. L. Edwards* and *Wm. H. Johnson, Jr.,* both of Kansas City, Mo., of counsel.

The opinion of the court was delivered by

HARVEY, J.: This was an action by a holder in due course of a promissory note against the endorser thereof in which it was alleged

that defendant had waived presentment for payment, demand, protest, and notice of protest. These allegations were specifically denied by defendant. These were the controverted issues in the case. A trial to the court resulted in judgment for plaintiff. Defendant has appealed.

The facts are not seriously controverted. On June 25, 1932, J. P. Burns, of Salina, for value, executed his promissory note, payable to the order of Ben Gurley, for $1,352, due in six months. Before maturity Gurley sold and endorsed this note to plaintiff. On December 15, 1932, plaintiff wrote Burns, stating when the note would be due, and asking payment. Receiving no answer, a second letter was written December 24. Apparently Burns was unable to pay the note and took the matter up with Gurley. Together they made out a new note, signed by Burns, payable to Gurley, for the amount of the old note, with interest, and Gurley sent it to plaintiff December 29, with a letter asking that it be accepted in lieu of the old note, which should be returned. Plaintiff sent the note back to Gurley December 31, declining to accept it. On January 3, 1933, Burns wrote plaintiff that he was unable to pay the note and that he had renewed it with Gurley, and believed that would be all right. On January 5 Gurley wrote plaintiff that he had had a talk with Burns, who said he could not do anything with the note at that time, and expressed the view that "We will just have to let it rest a while." On January 6 plaintiff wrote Gurley:

"Have yours of the 5th and note that you had a talk with Joe [Burns]. I don't see why you are worried about this matter. It is purely a matter now between Mr. Burns and Goffe & Carkener. I have written Burns in reference to same."

Soon thereafter Burns died, and later this action was brought. Our pertinent statute reads:

"Notice of dishonor may be waived, either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be express or implied." (G. S. 1935, 52-821; N. I. L., § 109.)

See, also, *Dillon v. Bron,* 96 Kan. 189, 150 Pac. 553; *Crane v. Downs,* 108 Kan. 599, 603, 196 Pac. 600; *Midwest Reserve Trust Co. v. Pioneer Cattle Loan Co.,* 119 Kan. 528, 531, 240 Pac. 587.

Here defendant knew Burns had not paid the note, that plaintiff was demanding payment, and by taking a new note from Burns, endorsing the same and sending it to plaintiff, he expressed his willingness still to be bound as an endorser; and when plaintiff declined

to accept that note he still did not deny liability as an endorser on the note plaintiff held, but did ask to let it rest a while. These facts are sufficient to sustain the judgment of the court that defendant had waived formal presentment for payment, demand, protest and notice of protest. (*Glaze v. Ferguson*, 48 Kan. 157, 29 Pac. 396; *Markland v. McDaniel*, 51 Kan. 350, 32 Pac. 1114; 8 C. J. 696; and 8 Am. Jur. 384, 385, and cases there cited.)

Appellant's real contention is that this waiver of his was waived by plaintiff by its letter of January 6, 1933, in which the writer said: "I don't see why you are worried about this matter. It is purely a matter now between Mr. Burns and Goffe & Carkener." The writer of this letter testified that at the time he wrote this letter he thought Burns financially able to pay the note, but that he had no intention of releasing Gurley from his liability as an endorser. It is clear the letter contained no such specific release.

The result is, the judgment of the court below must be affirmed. It is so ordered.